UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Daryl Armstead,<br><br>    Petitioner. | NO. CV 10-5291-CJC (AGR)<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**SUMMARY OF PROCEEDINGS**

On July 19, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. According to Petitioner, in August 2007, he was "deprived of his personal property while housed at Chuckawalla Valley State Prison." (Petition, Memo at 2.) He filed a state tort claim on April 8, 2009, after earlier "attempting to file a 42 U.S.C.A. § 1983 civil suit of October 6, 2008." (*Id.* at 3.)[1] However, the California court denied

---

[1] On September 17, 2008, Petitioner filed a request to proceed without prepayment of filing fees in this Court and on September 22, 2008, lodged a civil rights complaint in *Armstead v. Kelley*, Case No. CV 08-1275-UA-AGR (C.D. Cal.). On October 6, 2008, the District Court denied the request because

Petitioner's request to proceed *in forma pauperis*. (*Id.*) Petitioner filed an application for a writ with the California Court of Appeal but was denied. (*Id.* at 1-2.) He filed an application for a writ with the California Supreme Court but was denied. (*Id.* at 2.) He claims here that the California courts' denials of his request to proceed *in forma pauperis* violated his First Amendment right of access to the courts, his Fourteenth Amendment right to due process, and his Fourteenth Amendment right to equal protection. (Petition at 5-6.)

## II.

## **DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition and direct the clerk to notify the petitioner. *See also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Summary dismissal is appropriate here because Petitioner's claims are not cognizable under habeas. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). As Petitioner himself concedes, he does not challenge his conviction or sentence. (Petition at 2.) His alleged constitutional violations would not affect the length of his confinement or the lawfulness of his conviction. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); 28 U.S.C. § 2254(a).

---

Petitioner failed to state a claim. (*Armstead v. Kelley*, Dkt. No. 2.)

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the habeas petition.

DATED: July 27, 2010

_____
CORMAC J. CARNEY
United States District Judge

Presented by:

_____
ALICIA G. ROSENBERG
United States Magistrate Judge